IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL GUEST, #170650, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:12-CV-856-TMH |
| | ) | [WO] |
| | ) | |
| WILLIE THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this civil action, Michael Guest ["Guest"], a state inmate, alleges state
officials are subjecting him to unconstitutional conditions of confinement at the Bibb
Correctional Facility.

Upon review of the factual allegations presented in the complaint, the court
concludes that this case should be transferred to the United States District Court for
the Northern District of Alabama in accordance with the directives of 28 U.S.C. §
1404.[1]

---

[1] Guest did not file the requisite filing fee nor did he submit an application for leave to proceed *in
forma pauperis*.  In addition, he requests the issuance of a preliminary injunction in his complaint. Since this
case will be transferred to the United States District Court for the Northern District of Alabama, that court
should address those questions.

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."   28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  In addition, Willie Thomas, the warden of Bibb, resides in the Northern District of Alabama as do all individuals personally involved in the daily operation of this correctional facility. Although by virtue of his position as Attorney General for the State of Alabama Luther Strange resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this

state.[2]  It is therefore clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case  be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before October 23, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and

---

[2]This court makes no determination with respect to the merits of the plaintiff's claims for relief against either named defendant.

shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of October, 2012.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE